### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN and HARRY KEYSER,** | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 16-2298** |
| **STERN & EISENBERG PC,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**Rufe, J.**                                                                                      **February 27, 2017**

Plaintiffs Kathleen and Harry Keyser allege that Defendants forged a note and mortgage, and subsequently relied upon the fraudulent documents to secure a state court judgment in mortgage foreclosure.[1] Defendants Ocwen Loan Servicing, LLC ("Ocwen"), U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC4 ("U.S. Bank"), Stern & Eisenberg PC, and Christina C. Viola have moved to dismiss the complaint. Plaintiffs have not filed responses, but the Court will nonetheless address the motions on the merits.

The amended complaint sets forth seven claims: (1) violation of the federal mail fraud statute, 18 U.S.C. § 1341, based on Defendants' use of the mail to send the forged note and mortgage[2]; (2) fraud based on the note and mortgage being forged, and based on false allegations in the complaint and motion for summary judgment in the state court action[3]; (3) violation of the Fair Debt Collection Practices Act ("FDCPA") based on Defendants' conspiracy to create

---

[1] In the state court action, the Bucks County Court of Common Pleas granted a motion for summary judgment in favor of Defendant U.S. Bank, the holder of the note and mortgage in question, and Plaintiffs' property was subsequently sold to U.S. Bank at sheriffs' sale.

[2] Amended Complaint ¶¶ 38-45.

[3] *Id.* ¶¶ 47-54.

fraudulent documents in order to "mislead the courts"[4]; (4) violation of the Uniform Commercial Code during the state court action based on Defendants' "not allowing an inspection to determine the authenticity or genuineness of the alleged notes"[5]; (5) violation of the FDCPA based on Defendants' production of forged and fraudulent promissory and mortgage notes to the state court[6]; (6) a request that this Court void the fraudulent notes because Defendants misrepresented their authenticity in state court[7]; and (7) identity theft based on Defendants' creation of a sham trust to foreclose on Plaintiffs' property.[8]

All of Plaintiffs' claims are rooted in the theory that they never executed the note and mortgage at issue, and that the documents relied upon by Defendants in the state court action were fraudulent.  A plaintiff's claims may be precluded based on the doctrine of *res judicata* if the following elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[9]  "*Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." [10]  Plaintiffs' claims in this action are entirely based on the state court action, which resulted in a final judgment on the merits involving Defendants.  Because Plaintiffs' grievances

---

[4] *Id.* ¶ 60.

[5] *Id.* ¶ 66.

[6] *Id.* ¶¶ 72-73.

[7] *Id.* ¶ 75.

[8] *Id.* ¶ 88.

[9] *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

[10] *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (quoting *Balent v. City of Wilkes–Barre,* 542 Pa. 555, 669 A.2d 309, 313 (1995)).

could have been raised in the state court action, *res judicata* bars Plaintiffs from relitigating them in this Court, and the complaint will be dismissed with prejudice.[11]

---

[11] *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 949 (3d Cir. 2010) (plaintiff's claims barred by *res judicata* and dismissed with prejudice because they were "intimately tied to the creation of the mortgage and subsequent foreclosure" and thus could have been brought as counterclaims in the state foreclosure proceeding).